NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2488
_____

PINE BELT AUTOMOTIVE INC,
a corporation of the State of New Jersey,
Appellant
v.

ROYAL INDEMNITY COMPANY;
GRANITE STATE INSURANCE COMPANY;
MEMBER AMERICAN INTERNATIONAL GROUP INC


_____

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 3-06-cv-05995)
District Judge: Hon. Joel A. Pisano

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, October 25, 2010

Before: McKEE, *Chief Judge*, SLOVITER and RENDELL, *Circuit Judges*


(Opinion filed: November 4, 2010)


_____

OPINION
_____


McKEE, *Chief Judge*.

Appellant Pine Belt Automotive, Inc. appeals the district court's orders granting summary judgment to Defendant-Appellee Granite State Insurance Company. For the reasons set forth below, we will affirm.

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the district court has ably summarized that background. *See Pine Belt Auto., Inc. v. Royal Indem. Co.*, 2008 WL 4682582 (D.N.J. Oct. 21, 2008); *Pine Belt Auto., Inc. v. Royal Indem. Co.*, 2009 WL 424384 (D.N.J. Feb. 19, 2009); *Pine Belt Auto., Inc. v. Royal Indem. Co.*, 2009 WL 1025564 (D.N.J. Apr. 16, 2009). On appeal, Pine Belt argues that the district court erred in finding that: (1) the alteration of credit applications by Pine Belt's employee was not covered under Granite's policy; (2) Granite was not prohibited by waiver or estoppel from arguing that the alteration of credit applications by Pine Belt's employee was not covered; (3) Royal's declination of coverage was appropriate for additional reasons beyond the fact that Pine Belt's losses did not fall within the extended discovery period; (4) Royal's policy was unambiguous, reasonable and enforceable, and did not violate public policy; (5) Pine Belt could not recover under the Truth in Lending provisions in the Granite and Royal policies.

In his detailed and thoughtful opinions filed in this case, Judge Pisano carefully and clearly explained his reasons for granting motions for summary judgment filed by Granite and Royal and denying Pine Belt's motion for reconsideration. *See Pine Belt Auto., Inc. v. Royal Indem. Co.*, 2008 WL 4682582 (D.N.J. Oct. 21, 2008); *Pine Belt Auto., Inc. v. Royal Indem. Co.*, 2009 WL 424384 (D.N.J. Feb. 19, 2009); *Pine Belt*

*Auto., Inc. v. Royal Indem. Co.*, 2009 WL 1025564 (D.N.J. Apr. 16, 2009). We will affirm the district court's orders substantially for the reasons set forth in those orders without further elaboration.